## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ADVANCED MICROSCOPY INC., | § | |
| | § | |
| Plaintiff, | § | Case No. _____ |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| NIKON INSTRUMENTS INC. | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff ADVANCED MICROSCOPY INC. ("Plaintiff") files this Original Complaint against Defendant NIKON INSTRUMENTS INC., alleging as follows:

### I.  THE PARTIES

1.      ADVANCED MICROSCOPY INC. ("Plaintiff") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business in Costa Mesa, California.

2.      Upon information and belief, Defendant NIKON INSTRUMENTS INC. ("Nikon" or "Defendant") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business in Melville, New York.  Nikon may be served with process by serving its Registered Agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE  19808.

### II.  JURISDICTION AND VENUE

3.      This is an action for infringement of a United States patent.  Federal question jurisdiction is conferred to this Court over such action under 28 U.S.C. §§ 1331 and 1338(a).

4.      Upon information and belief, Defendant has had minimum contacts with the District of Delaware such that this venue is fair and reasonable.  Defendant has committed such

1

purposeful acts and/or transactions in this district that it reasonably should know and expect that it could be hauled into this Court as a consequence of such activity.  Upon information and belief, Defendant has transacted and, at the time of the filing of this Complaint, is transacting business within the District of Delaware.

5.      Further, upon information and belief, Defendant manufactures (directly or indirectly through third party manufacturers) and/or assembles products or systems that are and have been used, offered for sale, sold, and/or  purchased in the District of Delaware.  Defendant directly and/or through its distribution network, places infringing products or systems within the stream of commerce, which stream is directed, at least in part, at this district, with the knowledge and/or understanding that those products or systems will be sold and/or used in the State of Delaware.

6.      For these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

## III.   PATENT INFRINGEMENT

7.      On November 6, 2001, United States Patent No. 6,313,452 ("the '452 Patent") was duly and legally issued for a "MICROSCOPY SYSTEM UTILIZING A PLURALITY OF IMAGES FOR ENHANCED IMAGE PROCESSING CAPABILITIES."   A true and correct copy of the '452 Patent is attached hereto as Exhibit "A" and made a part hereof.

8.       By way of assignment, Plaintiff is the owner of all right, title and interest in and to the '452 Patent, with all rights to enforce it against infringers and to collect damages for all relevant times, including the right to prosecute this action.

9.      On information and belief, Defendant, without authority, consent, right, or license, and in direct infringement of the '452 Patent, manufactures, has manufactured, makes,

has made, uses, imports, has imported, markets, sells, or offers for sale systems or products that directly infringe one or more claims of the '452 Patent. By way of example only, Defendant's use, sale, or offer for sale of a system that includes a Nikon Ni-E or Ti-E microscope (also known as the ECLIPSE Ni-E and ECLIPSE Ti-E, respectively) with a motorized stage and image capture functionality (or with a digital camera or video capture device, for example, the DS-Ri2, coupled to said microscope) and NIS-Elements software for installation on a Windows PC, infringes at least Claim 1 of the '452 Patent.

10.     Further, upon information and belief, Defendant induces and/or contributes to the infringement of one or more of the claims of the '452 patent by others and is therefore liable for its indirect infringement.  Defendant has had knowledge of the '452 Patent and knowledge of its infringement since at least as early as the filing of this suit, at the latest.

11.     For example, upon information and belief, Harvard Medical School ("Harvard"), through its Nikon Imaging Center, directly infringes at least claim 1 of the '452 Patent by using in the U.S. an infringing product or system like the one described above.

12.     On information and belief, Defendant possessed a specific intent to induce infringement, as evidenced by, at a minimum, its efforts to provide or make available instructions on how to use the product or system in a way that would infringe the '452 Patent. For example, Defendant provides instructions for how to use its NIS-Elements software for "Large Image Stitching."  Defendant's intent is also evidenced by its efforts to provide and/or to fund or partially fund a laboratory or research facility in which to conduct infringing activities.

13.     Upon information and belief, Defendant actively induces at least Harvard, its faculty, and/or its students to infringe the '452 Patent by advertising or publicizing an infringing use of its infringing product or system. For example, Defendant advertises an infringing use of

an infringing product or system by providing product manuals or literature to explain the operation of its equipment and by providing and/or funding or partially funding a laboratory or research facility in which to conduct infringing activities.

14. Upon information and belief, the large image stitching capabilities of Defendant's infringing product or system has no substantial non-infringing use. Further, upon information and belief, Defendant knows that certain of its products, such as the NIS-Elements software with large image stitching capability, are especially made or especially adapted for use in a system that infringes the '452 Patent.

16. Plaintiff expressly reserves the right to assert additional claims of the '452 Patent.

17. Plaintiff has been damaged as a result of Defendant's infringing conduct. Defendant is, thus, liable to Plaintiff in an amount that adequately compensates for its infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

18. Upon information and belief, Defendant will continue its infringement of the '452 Patent unless enjoined by the Court. Defendant's infringing conduct has caused Plaintiff irreparable harm and will continue to cause such harm without the issuance of an injunction.

## IV. JURY DEMAND

19. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of the '452 Patent have been directly infringed, either literally or under the doctrine of equivalents, by Defendant, or judgment

that one or more of the claims of the '452 patent have been directly infringed by others and indirectly infringed by Defendant, to the extent Defendant contributed to or induced such direct infringement by others;

b.   Judgment that Defendant account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein;

c.   That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

d.   That the Court declare this an exceptional case and award Plaintiff its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285;

e.   That Defendant be permanently enjoined from any further activity or conduct that infringes one or more claims of the '452 Patent; and

f.   That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: June 19, 2015                     Respectfully submitted,

Of Counsel:                              FARNAN LLP

David A. Skeels                          /s/Brian E. Farnan
Todd I. Blumenfeld                       Brian E. Farnan (Bar No. 4089)
FRIEDMAN, SUDER & COOKE                  Michael J. Farnan (Bar No. 5165)
604 East 4th Street, Suite 200           919 N. Market St., 12th Floor
Fort Worth, TX 76102                     Wilmington, DE 19801
817-334-0400                             (302) 777-0300
Fax: 817-334-0401                        Fax: (302) 777-0301
skeels@fsclaw.com                        bfarnan@farnanlaw.com
blumenfeld@fsclaw.com                    mfarnan@farnanlaw.com

                                         ATTORNEYS FOR PLAINTIFF
                                         ADVANCED MICROSCOPY INC.